CHICAGO—FIRST DISTRICT—FEBRUARY, 1915.    375

Jackson et al. v. Grand Crossing Tack Co., 191 Ill. App. 375.

## Raphael Jackson and Michael Jackson, trading as R. Jackson & Company, Defendants in Error, v. Grand Crossing Tack Company, Plaintiff in Error.

### Gen. No. 19,792.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN J. SULLIVAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Affirmed. Opinion filed February 4, 1915. Rehearing denied and additional opinion filed February 8, 1915.

### Statement of the Case.

Action by Raphael Jackson and Michael Jackson, trading as R. Jackson & Company, against Grand Crossing Tack Company, a corporation. Defendant entered an appearance and filed a written demand for a jury in apt time. From an order entered on motion of plaintiffs for dismissal of the suit "without costs, it appearing to the court that no costs have accrued to either party to this cause," defendant brings error.

The record filed in the Appellate Court consisted of certified copies of the summons, statement of claim, appearance, affidavit of merits and judgment of dismissal. No bill of exceptions, statement of facts or stenographic report appeared in the record.

A. W. MARTIN and EDWARD H. S. MARTIN, for plaintiff in error.

HARRY C. LEEMON, for defendants in error.

MR. PRESIDING JUSTICE FITCH delivered the opinion of the court.

### Abstract of the Decision.

1. APPEAL AND ERROR, § 1265*—*necessity of showing error in proceedings in trial court.* When the record and proceedings of a

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

trial court are sought to be reviewed by writ of error, the burden is on the plaintiff in error to show that the proceedings were erroneous, to overcome the presumption of regularity and freedom from error indulged in on review.

2. APPEAL AND ERROR, § 1265*—*presumptions to support finding of trial court.* In reviewing a judgment by writ of error every reasonable intendment not negatived by the record will be indulged in support of the judgment below.

3. APPEAL AND ERROR, § 1303*—*presumption of sufficiency of evidence to sustain finding.* Where in an order of dismissal the trial court found no costs to have accrued to either party, the finding is presumed to be based upon evidence sufficient to sustain it in the absence of a statement of facts or stenographic report in the record.

4. APPEAL AND ERROR, § 1303*—*effect of statutory requirement as against finding.* The fact that the statute requires a defendant demanding a jury to pay a fee of six dollars, does not overcome a finding of the court to the contrary, that no costs had accrued to either side upon the entry of an order of dismissal, since a presumption of the sufficiency of the evidence to sustain the finding prevails as against a presumption that the statutory fee was paid in a given case.

5. MUNICIPAL COURT OF CHICAGO, § 26*—*necessity of statement of facts, transcript or report for review.* If a party has not preserved the evidence for review in the manner prescribed by statute, he is not in a position to question the sufficiency of the evidence to support the finding of the trial court.

6. APPEAL AND ERROR, § 639*—*impropriety of affidavits to support motion for certificate of importance and appeal.* Affidavits in support of a motion for a certificate of importance and appeal are wholly out of place in the Appellate Court.

7. MUNICIPAL COURT OF CHICAGO, § 19*—*modification of judgment.* Municipal Court Act (Hurd's R. S., sec. 284, J. & A. ¶ 3333) provides for the vacation, setting aside or modification of a judgment after the expiration of thirty days, upon a proper petition.

8. COSTS, § 65*—*necessity for motion to retax for review.* The taxation of costs is a matter that cannot be reviewed by an Appellate Court without a motion having been first made in the trial court to retax the costs.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.